IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MIGUEL CARDOSO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-618-M |
| | ) | |
| TRACY MCCOLLUM, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C § 2254 (ECF No. 1). United States District Judge Vickie Miles-LaGrange has referred this case for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Respondents have filed a Response (ECF No. 9), and Petitioner has filed a Reply (ECF No. 13).[1] The undersigned recommends the Petition be **DENIED**.

### I. BACKGROUND

Following a jury trial in the District Court of Jackson County, Petitioner was convicted of Feloniously Pointing a Firearm, for which he was sentenced to ten years imprisonment, Conspiracy to Commit Murder, for which he was also sentenced to ten years imprisonment, and First Degree Murder, for which he was sentenced to life imprisonment without the possibility of parole. District Court of Jackson County, Case No. CRF-93-143. Petitioner was 17-years-old at the time he committed the underlying

---

[1] Petitioner also filed a Motion for Judicial Notice of Adjudicative Facts on March 4, 2015, (ECF No. 15), to which Respondent neither objected nor responded. After reviewing the Motion, the undersigned has construed it as a supplemental brief in support of his Petition and considered it accordingly.

crimes. (ECF No. 1:7). He appealed his conviction and sentences to the Oklahoma Court of Criminal Appeals (OCCA) raising: (1) insufficient evidence to support Petitioner's conviction of First Degree Murder, (2) insufficient evidence to support Petitioner's conviction of Conspiracy to Commit Murder, and (3) the sentence of life without the possibility of parole conviction was excessive under the facts and circumstances. (ECF No. 1:2). The OCCA affirmed the trial court's judgment and sentence on February 15, 1996 in Case No. F-94-1308. (ECF No. 9-1).

On June 21, 2013, Petitioner filed an application for post-conviction relief in the District Court of Jackson County. (ECF No. 9-2). In the application, Petitioner raised the following: (1) Petitioner's sentence of life without the possibility of parole violated the Eighth Amendment's prohibition against cruel and unusual punishment, pursuant to *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2456 (2012), and (2) ineffective assistance of trial counsel based on counsel's failure to raise a constitutional objection to Petitioner's sentence of life without the possibility of parole. (ECF No. 9-2:7-8). The district court denied Petitioner's application for post-conviction relief on August 29, 2013. (ECF No. 9-3).

Petitioner appealed the denial of post-conviction relief to the OCCA on April 14, 2014. (ECF No. 9-4). In his appeal, Petitioner raised the following: (1) the district court misapplied the Supreme Court's decision in *Miller v. Alabama*, *supra.*, (2) ineffective assistance of post-conviction counsel based on counsel's failure to raise the issue of ineffective assistance of appellate counsel and the failure to raise the district court's lack of jurisdiction in Petitioner's criminal case due to the "unconstitutionality of former Title 10 § 1104.2 (now Title 10A § 2-5-101)", and (3) the district court erred in ruling

2

that Petitioner had waived his right to raise ineffective assistance of trial counsel through his failure to raise the same in his direct appeal. (ECF No. 9-4:2-3). The OCCA denied Petitioner's appeal on June 11, 2014. (ECF No. 9-5).

Petitioner filed the current Petition for Writ of Habeas Corpus on June 16, 2014. (ECF No. 1). In his Petition, he raises the following eight grounds for relief: (1) Petitioner's sentence of life without the possibility of parole violates the Supreme Court's decision in *Miller v. Alabama*, *supra.*, (2) in denying post-conviction relief, the district court misapplied *Miller v. Alabama*, *supra.*, (3) ineffective assistance of trial counsel, (4) ineffective assistance of post-conviction counsel, (5) the district court erred in ruling that Petitioner had waived ineffective assistance of trial counsel through his failure to raise it on direct appeal, (6) insufficient evidence to support his conviction for First Degree Murder, (7) insufficient evidence to support his conviction for Conspiracy, and (8) Petitioner's sentence of life without the possibility of parole is excessive in light of *Miller, supra.* (ECF No. 1:5, 7, 9, 11, 13, 15-17).

## II. STANDARD OF REVIEW

The standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d) ("AEDPA") applies to all grounds for habeas relief raised in this action. Under the AEDPA, a petitioner is entitled to federal habeas relief only if an adjudication on the merits by a state's highest court "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" *Id.* (28 U.S.C. § 2254(d)(1)). This standard "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice system, not a substitute for ordinary error correction

3

through appeal." *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (internal quotation and citation omitted).

"Clearly established law" consists of Supreme Court holdings in cases where the facts are similar to the facts in the petitioner's case. *See House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008). If clearly established federal law exists, this Court then considers whether the state court decision was contrary to or an unreasonable application of that clearly established federal law. *See Bland v. Sirmons*, 459 F.3d 999, 1009 (10th Cir. 2006). "A decision is 'contrary to' clearly established federal law ... if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if the state court confronts a set of facts ... materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from the result reached by the Supreme Court." *Id.* (quotations omitted) (alterations in original). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103.

### III. ANALYSIS

### A. The Applicable Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth a one-year statute of limitation for habeas petitioners:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). For purposes of § 2244(d)(1), a conviction becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review," for any grounds about which a petitioner is aware and/or were discoverable with the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A), (D).

Petitioner's direct review concluded when the OCCA, the state court of last resort, affirmed Petitioner's judgment and sentence on February 15, 1996. (ECF No. 1:2). *See Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012) (citing Okla. Stat. tit. 22, § 1051(a); Okla. Stat. tit. 22, ch. 18 app., R. 4.2(A), (D)); *Locke v. Saffle*, 237 F.3d 1269, 1271 (10th Cir. 2001). Petitioner's time for seeking further review expired ninety days later, after Petitioner declined to file a petition for writ of certiorari with the United States Supreme Court and the time for filing such a petition passed. *Locke*, 237 F.3d at

1273. Thus, Petitioner's conviction became final on May 15, 1996. Pursuant to § 2244(d)(1), the one year statute of limitations in which to file a habeas action began to run on that date and expired on May 15, 1997.

In his Petition and related filings, Petitioner argues for the applicability of a different accrual date and subsequent limitation period pursuant to 28 U.S.C. § 2244(d)(1)(C) based on the Supreme Court's decision in *Miller v. Alabama*, __ U.S. __, 132 S. Ct. 2456 (2012). In *Miller,* the Supreme Court held that laws *mandating* a sentence of life without the possibility of parole against an offender who was a juvenile at the time of the underlying crime are unconstitutional as violative of the Eighth Amendment's prohibition against cruel and unusual punishment. Though the exact contours of the *Miller* decision are discussed in more detail below, Petitioner asserts that it presents a newly recognized constitutional right that is retroactively applicable to the grounds raised in his Petition and therefore, his Petition is timely.

### B. Grounds Three, Six and Seven

Petitioner's Grounds Three, Six and Seven are based upon ineffective assistance of trial counsel, insufficient evidence to support his First Degree Murder conviction and insufficient evidence to support his Conspiracy to Commit Murder conviction, respectively. (ECF No. 1:9-10, 15-17). Rather than being dependent upon *Miller*, which relates solely to the imposition of certain criminal sentences rather than sufficiency of evidence or performance of counsel, these grounds would have been known to Petitioner at the time his conviction became final. Indeed, Petitioner raised Grounds Six and Seven in his direct appeal to the OCCA in 1996. (ECF No. 1:16, 17; ECF No. 9-1:2-

5). Thus, pursuant to § 2244(d)(1)(A) and (D), absent tolling, the statute of limitations to raise these grounds in a habeas action expired on May 15, 1997.

There are two types of tolling that can extend the statute of limitations. The first is statutory tolling, which is available when during the one-year limitations period a petitioner properly files a petition for collateral review in state district court. *See* 28 U.S.C. § 2244(d)(2). As noted above, Petitioner did not file a post-conviction application until June 21, 2013, well after the one-year statute of limitations had already expired. Thus, statutory tolling does not apply. *See Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) ("Fisher's petitions cannot be tolled for time spent in state post conviction proceedings because his applications for post conviction relief were not filed until [his limitations period had already expired].").

In appropriate circumstances, the limitations period may also be tolled for equitable reasons. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). However, equitable tolling would be available only if an extraordinary circumstance stood in Petitioner's way and prevented timely filing. *See id.* at 649; *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (noting that equitable tolling is available only in "'rare and exceptional circumstances.'"). Examples of when equitable tolling would be appropriate include: (1) actual innocence; (2) "an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing"; or, (3) when a prisoner has actively pursued judicial remedies but filed a defective pleading during the statutory time period. *Id*.

In his Petition and subsequent filings, Petitioner offers no specific explanation for the filing date of these habeas grounds other than to assert generally that all claims in his Petition are timely based on the applicability of *Miller*. For any claims to which *Miller*

7

does not apply, such as Grounds Three, Six and Seven, Petitioner has established neither a diligent pursuit of his rights nor the presence of an extraordinary circumstance that prevented him from timely seeking federal habeas relief. *See Holland*, 560 U.S. at 649; *Gibson*, 232 F.3d at 808. Thus, equitable tolling is inapplicable to these claims and they should be dismissed as untimely.

### C. Petitioner's Grounds One, Two, Five and Eight

Petitioner's Grounds One, Two, Five and Eight, though set forth independently, are essentially the same ground for relief.[2] In these grounds, Petitioner argues that, pursuant to *Miller*, his sentence of life without parole violates the Eighth Amendment's prohibition against cruel and unusual punishment. Therefore, the critical question is *Miller's* application to this action. For Petitioner to receive the benefit of the limitation period under § 2244(d)(1)(C), *Miller* must have not only recognized a new constitutional right that is retroactively applicable, but also be relevant to Petitioner's habeas claims. *See* 28 U.S.C. § 2244(d)(1)(C); *Preston*, 234 F.3d at 1120; *Douma v. Workman*, No. 06–CV–0462–CVE–FHM, 2007 WL 2331883, at *3 (N.D. Okla. Aug. 13, 2007) (finding that even assuming a new Supreme Court case applied retroactively to cases on collateral review, the case "does not announce a constitutional right newly recognized by the Supreme Court which is applicable or relevant to [the petitioner's] case").

---

[2] Respondent does not consider Petitioner's Eighth Ground for relief as dependent upon *Miller* and therefore, argues that it is untimely under §2244(d)(1)(A) and (D), similar to Grounds Three, Six and Seven. (ECF No. 9:4-7). In setting forth this ground in his Petition, Petitioner does initially state only that the life without parole sentence was excessive. (ECF No. 1:17). However, in the subsequent Supporting Facts section, Petitioner specifically cites to *Miller* in support of this request for relief. (ECF No. 1:18).

In *Miller* and its companion case, the two petitioners—both fourteen years old at the time of their respective crimes—had been convicted of murder and sentenced to life imprisonment without the possibility of parole. *Miller*, 132 S. Ct. at 2460–63. In each case, the sentence was determined pursuant to a state statute that mandated life without parole upon conviction of homicide. *Id.* The Supreme Court held that a law mandating life imprisonment without the possibility of parole for a homicide offense is unconstitutional as applied to juveniles. *Id.* at 2469. In so holding, the Supreme Court explained:

> In neither case did the sentencing authority have any discretion to impose a different punishment. State law mandated that each juvenile die in prison even if a judge or jury would have thought that his youth and its attendant characteristics, along with the nature of his crime, made a lesser sentence (for example, life with the possibility of parole) more appropriate. Such a scheme prevents those meting out punishment from considering a juvenile's "lessened culpability" and greater "capacity for change," and runs afoul of our cases' requirement of individualized sentencing for defendants facing the most serious penalties.

*Id.* at 2460 (citation omitted) (quoting *Graham v. Florida*, 560 U.S. 48, 68, 74 (2010)).

Thus, the Supreme Court determined that a sentencing scheme that *mandates* life imprisonment without parole for a homicide offense is unconstitutional as applied to juvenile offenders because such schemes preclude the sentencing court from considering proportionality-related factors such as the characteristics of youth, the offender's own circumstances, and circumstances of the crime itself. *Id.* at 2468. Significantly, the Court noted that its ruling did "not foreclose a sentencer's ability to [sentence juvenile offenders to life without parole] in homicide cases." *Id.* at 2469. The Court emphasized, however, the "great difficulty" in "distinguishing at [an] early age

9

between 'the juvenile offender whose crime reflects unfortunate yet transient immaturity, and the rare juvenile offender whose crime reflects irreparable corruption,'" and stated that a sentencer must therefore "take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.* (quoting *Roper,* 543 U.S. at 573; *Graham*, 560 U.S. at 68). The Court explained that homicide offenses require "individualized sentencing" and that the sentencer "must have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty for juveniles." *Id.* at 2475.

Petitioner raised this issue in his post-conviction application and in his appeal to the OCCA on denial of the same. (ECF No. 9-2:3-7; ECF No. 9-4:2-3). In denying his appeal, the OCCA found:

> In *Miller*, the United States Supreme Court ruled that mandatory sentences of life without the possibility of parole for juveniles convicted of first degree murder violated the Eighth Amendment to the Constitution of the United States. In Petitioner's case, the Oklahoma Statutes did not mandate a sentence of life without parole. The Trial Court was allowed by law the option of sentencing Petitioner to either a sentence of life, or life without parole. Therefore, *Miller v. Alabama* does not apply to Petitioner's case.

(ECF No. 9-3:2).

In his Response to the Petition herein, Respondent asserts two reasons why *Miller* is inapplicable to the Petition. First, Respondent argues that *Miller* is not retroactively applicable. (ECF No. 9:8-9). Second, Respondent argues that if *Miller* is retroactively applicable, then in accordance with the finding of the OCCA, it does not apply to Petitioner's sentence because he was not sentenced under a scheme that mandated life imprisonment without the possibility of parole. (ECF No. 9:9-11).

To date, neither the Supreme Court nor the Tenth Circuit has examined the question of *Miller's* retroactive applicability. Other federal circuits and state courts are split on the issue. At least four courts of appeals have concluded that *Miller* is retroactive, and those courts have permitted the applicants to proceed with petitions under § 2244(d)(1)(C). *See In re Williams,* 759 F.3d 66, 71–72 (D.C. Cir. 2014); *Evans–García v. United States,* 744 F.3d 235, 238–40 (1st Cir. 2014); *In re Pendleton,* 732 F.3d 280, 282–83 (3rd Cir. 2013) (per curiam); *Johnson v. United States,* 720 F.3d 720, 720–21 (8th Cir. 2013). While three other circuit courts have concluded otherwise, holding that *Miller* does not apply retroactively. *Johnson v. Ponton*, 780 F.3d 219, 226 (4th Cir. 2015); *In re Morgan*, 713 F.3d 1365, 1367–68 (11th Cir. 2013)[3]; *Craig v. Cain*, No. 12–30035, 2013 WL 69128, at *1–2 (5th Cir. Jan. 4, 2013) (per curiam)[4].

Here, the undersigned concludes that it is not necessary to determine whether *Miller* is retroactively applicable to Petitioner's sentence. *Miller* holds that the Eighth Amendment prohibits a sentence of life without parole for juvenile offenders where the sentencer was "preclude[d] ... from taking account of an offender's age and the wealth of characteristics and circumstances attendant to it," because the courts did not "have the opportunity to consider mitigating circumstances." *Id.* at 2467, 2475. At the time of

---

[3] The Eleventh Circuit's decision in *Morgan* produced three dissenting votes from the court's denial of rehearing *en banc, see* 717 F.3d 1186 (11th Cir.2013); in a dissenting opinion, Judge Wilson noted that the Department of Justice has promulgated "a uniform policy" that *Miller* is retroactive on collateral review. *See id.* at 1197 (Wilson, J., dissenting).

[4] Subsequent to the *Craig* decision, a different Fifth Circuit panel noted that a habeas petitioner had made a *prima facie* showing that *Miller* was retroactive but that the circuit court was not deciding the question definitively due to procedural questions being remanded to the lower court. *See In re Simpson*, 555 F. App'x 369 (5th Cir. 2014) *(per curiam)*.

Petitioner's offense, Oklahoma's homicide statute provided that "[a] person who is convicted of ... murder in the first degree shall be punished by death, by imprisonment for life without parole or by imprisonment for life." (Okla. Stat. tit. 21, § 701.9(A) (1991)). Indeed, in *Miller*, the Supreme Court acknowledged that 15 jurisdictions, including Oklahoma, make a sentence of life without parole discretionary. *Miller*, 132 S. Ct. at 2471–72 n.10 (citing one respondent's brief as listing twelve jurisdictions among the fifteen that "make life without parole discretionary for juveniles," and Oklahoma is listed among the twelve, *see* Resp's Brief at *25, 2012 WL 588454).

Thus, even though Petitioner was a juvenile at the time of the underlying murder, Oklahoma's sentencing scheme did not violate the Eighth Amendment's prohibition on cruel and unusual punishment because imposition of life without the possibility of parole was not mandatory. *See Bell v. Uribe*, 748 F.3d 857, 869 (9th Cir. 2014) (holding *Miller* did not apply to Petitioner's claims because he "was not sentenced to life without the possibility of parole pursuant to a mandatory sentencing scheme."); *see also Croft v. Williams*, 773 F.3d 170, 171 (7th Cir. 2014); *Nolan v. McCollum*, No. CIV-13-1074-HE, 2015 WL 2092532 (W.D. Okla. May 5, 2015); *Davis v. McCollum*, No. 14–CV–260–GKF–FHM, 2015 WL 566543 (N.D. Okla. Feb. 11, 2015). Here, the trial court was provided the opportunity to consider a lesser sentence and chose to impose a harsher one, which is not prohibited by the *Miller* decision. *Miller,* 132 S. Ct. at 2469.

The OCCA's finding that *Miller* did not apply to Petitioner's claim was neither contrary to, nor an unreasonable application of, Supreme Court law. Accordingly, Petitioner is not entitled to habeas relief.

### C. Petitioner's Ground Four

In his Fourth Ground for relief, Petitioner argues that he is entitled to habeas relief based on ineffective assistance of counsel in his post-conviction proceedings as evidenced by counsel's failure to raise: (1) ineffective assistance of appellate counsel and (2) the district court's lack of jurisdiction in his criminal case based on the unconstitutionality of the "Oklahoma Reverse Certification Statute, formerly Title 10 § 1104.2 (now Titled as 10A § 2-5-101)." (ECF No. 1:11). As explained below, this ground for relief is also without merit.

Neither federal law nor Supreme Court precedent requires that a state prisoner be represented by counsel in post-conviction proceedings. Pursuant to 28 U.S.C. § 2254(i), "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." Indeed, the general rule established by the Supreme Court is that "there is no constitutional right to counsel in collateral proceedings." *Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309, 1315 (2012). *See also Coleman v. Thompson*, 501 U.S. 722, 755, (1991) ("*Finley* and *Giarratano* established that there is no right to counsel in state collateral proceedings"). While this authority sufficiently illustrates this request for relief is futile, Petitioner's reference to Oklahoma's Reverse Certification Statute bears further analysis.

Petitioner asserts that this statute was unconstitutional and deprived the district court of jurisdiction over his criminal case. This statute provided, in pertinent part, that a 17-year-old who is charged with murder "shall be considered as an adult" but may seek and, if circumstances warrant, be certified "as a child to the juvenile division of the

district court. Okla. Stat. tit. 10, § 1104.2 (West 1987).[5]  In his Reply, Petitioner appears to assert that *Miller* held unconstitutional the practice of automatically deeming a juvenile defendant an adult.  He also contends that being tried as an adult subjected him to a mandatory sentence of life without parole upon being convicted of First Degree Murder. (ECF No. 13:11-12).

The problem with Petitioner's reading of *Miller* in this regard is two-fold. First, the Supreme Court did not invalidate Oklahoma's practice of trying a 17-year-old as an adult unless he is certified as a juvenile. Rather, the Court rejected the suggestion that discretionary juvenile transfer statutes, which apply prior to trial, could suffice in lieu of individualized sentencing following a conviction. *Id.* at 2474-75 (stating, "the discretion available to a judge at the transfer stage cannot substitute for discretion at post-trial sentencing in adult court – and so cannot satisfy the Eighth Amendment."). Second, as explained above, even tried as an adult, Petitioner was never subjected to mandatory sentencing. Thus, Petitioner is not entitled to habeas relief based on ineffective assistance of post-conviction counsel, nor does *Miller* implicate Oklahoma's so-called reverse certification statute.  Accordingly, Petitioner's habeas Petition as to Ground Four should be denied.

**D. Other Pending Motions**

Petitioner has filed a Motion for to Compel (ECF No. 14), in which he requests copies of transcripts from his state court proceedings, and, as previously mentioned, a

---

[5] This statute has since been renumbered and amended. See Youthful Offender Act, Okla. Stat. tit. 10A, § 2-5-201, *et. seq*.

Motion for Judicial Notice of Adjudicative Facts (ECF No. 15). In light of the above recommendation, the undersigned recommends these Motions be denied as moot.

### RECOMMENDATION

For the reasons discussed above, the undersigned magistrate judge recommends the Petition for Writ of Habeas Corpus be **DENIED**. Additionally, the undersigned recommends Petitioner's Motion to Compel **(ECF No. 14)** and Motion for Judicial Notice of Adjudicative Facts **(ECF No. 15)** be **DENIED** as moot.

Petitioner is hereby advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **June 15, 2015**, in accordance with 28 U.S.C. § 636 and the Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2000).

### STATUS OF THE REFERRAL

This Report and Recommendation disposes of all issues referred to the undersigned magistrate judge.

**ENTERED** on May 26, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE